UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>Defendants. | No. 2:22-cv-1282-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he filed an application to proceed in forma pauperis (ECF No. 2).

Application to Proceed in Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

1 | of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
2 | relief may be granted," or "seeks monetary relief from a defendant who is immune from such
3 | relief." *Id.* § 1915A(b).
4 |     A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
5 | of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
6 | plain statement of the claim showing that the pleader is entitled to relief, in order to give the
7 | defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
8 | *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
9 | While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
10 | its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
11 | U.S. 662, 679 (2009).
12 |     To avoid dismissal for failure to state a claim a complaint must contain more than "naked
13 | assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
14 | action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
15 | a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
16 | 678.
17 |     Furthermore, a claim upon which the court can grant relief must have facial plausibility.
18 | *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
19 | content that allows the court to draw the reasonable inference that the defendant is liable for the
20 | misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
21 | claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
22 | *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
23 | plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
24 | <u>Screening Order</u>
25 |     According to the complaint (ECF No. 1), filed July 20, 2022, plaintiff has been housed in
26 | administrative segregation since February 2, 2022. *Id.* at 3. Plaintiff claims that "for days at a
27 | time," he is locked in a cell without a shower, phone call, or any human interaction." *Id.* He
28 | claims to receive five and a half hours of time outside his cell each week, but no time outdoors.

*Id.* As a result of these conditions, plaintiff has felt suicidal. *Id.* Plaintiff also states that "defendants are retaliating due to plaintiff's current charged offenses."[1] *Id.* at 4. He states further, that "badly need[ed] medical attention and surgeries are being postponed or denied" and that he has been "assaulted by deputies on multiple occasions." *Id.* at 5, 6. For the reasons stated below, plaintiff's allegations cannot survive screening.

First, the allegations regarding inadequate medical care and being assaulted by deputies are too vague and conclusory to state a cognizable claim for relief. If plaintiff wishes to pursue a claim that he was denied adequate medical care, he must plead facts showing that a defendant acted with deliberate indifference to his serious medical needs. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (*en banc*) (noting that such claims, if brought by an inmate not yet convicted, arise under the Fourteenth Amendment's Due Process Clause). If plaintiff wishes to pursue a claim that a defendant applied excessive force, he must plead facts showing that "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397, 400 (2015) (also noting that such claims, when brought by a pretrial detainee, arise under the Due Process Clause of the Fourteenth Amendment).

Second, plaintiff's allegation that defendants retaliated against him because of his "current charged offenses," fails to state a cognizable retaliation claim under the First Amendment. A First Amendment retaliation claim requires a showing that a defendant took adverse action against a plaintiff because the plaintiff engaged in conduct that is protected by the First Amendment. *See Rhodes v. Robinson,* 408 F.3d 559, 567-568 (9th Cir. 2005). Plaintiff has not alleged he was retaliated against because of his engagement in any conduct protected by the First Amendment.

Lastly, the complaint fails to state a cognizable claim based on the alleged conditions of confinement in administrative segregation. Although inmates must be provided opportunities for exercise, restrictions for security reasons do not violate the Constitution. *LeMaire v. Maass*, 12 F.3d 1444, 1457-1458 (9th Cir. 1993). If plaintiff wishes to pursue a claim based on the

---

[1] The court infers from this allegation that plaintiff is a pretrial detainee.

1  restrictions in administrative segregation, he must plead facts showing that the restrictions were
2  punitive and not permissible "regulatory restraints" justified by security considerations. *Bell v.*
3  *Wolfish*, 441 U.S. 520, 537 (1979); *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004).
4      For these reasons, the complaint is dismissed with leave to amend.
5  <u>Leave to Amend</u>
6      Plaintiff is cautioned that any amended complaint must identify as a defendant only
7  persons who personally participated in a substantial way in depriving him of his constitutional
8  rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
9  deprivation of a constitutional right if he does an act, participates in another's act or omits to
10  perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also
11  include any allegations based on state law that are so closely related to his federal allegations that
12  "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).
13      The amended complaint must also contain a caption including the names of all defendants.
14  Fed. R. Civ. P. 10(a).
15      Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See*
16  *George*, 507 F.3d at 607.  Nor, as mentioned above, may he bring unrelated claims against
17  multiple defendants. *Id.*
18      Any amended complaint must be written or typed so that it so that it is complete in itself
19  without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended
20  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
21  earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114
22  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
23  being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
24  1967)).
25      Any amended complaint should be as concise as possible in fulfilling the above
26  requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual
27  background which has no bearing on his legal claims.  He should also take pains to ensure that his
28  amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing

and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Sacramento County Sheriff filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and
4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: October 7, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE