UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>Defendants. | No.  2:22-cv-01282-DJC-EFB (PC)<br><br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff proceeds without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. In its discovery and scheduling order of May 31, 2023, the court advised plaintiff that failure to timely oppose a motion for summary judgment may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions.  ECF No. 21 at 4.  On April 26, 2024, defendants filed a motion for summary judgment.  ECF No. 49.  Plaintiff did not file an opposition.

On June 3, 2024, the court ordered plaintiff to file an opposition or a statement of non-opposition to the pending motion within thirty days.  ECF No. 31.  In that same order, plaintiff was advised that failure to comply with the order may result in waiver of opposition or dismissal of the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *Id.*  In response to a motion for extension of time, the court granted plaintiff an additional 30 days to file an opposition on July 30, 2024.  ECF No. 35.  That period has expired, and plaintiff has not filed an opposition,

statement of non-opposition, or other response to the order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Ferdik*, 963 F.2d at 1260-61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court considered the five factors set forth in *Ferdik*. Here, as in *Ferdik*, the first two factors strongly support dismissal of this action. The action has been pending for over two years and reached the stage, set by the court's November 10, 2022 scheduling order, for resolution of dispositive motions and, if necessary, preparation for pretrial conference and jury trial. ECF No. 36. Plaintiff's failure to comply with the Local Rules and the court's October 18, 2023 order suggests that she has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, also favors dismissal. Plaintiff's failure to oppose the motion prevents defendants from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendants to incur additional time and expense.

The fifth factor also favors dismissal. The court advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth supra, the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of this case,

those factors outweigh the general public policy favoring disposition of cases on their merits. *See Ferdik*, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 30, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE