UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>Defendants. | No.  2:22-cv-01282-DC-EFB (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 43) |

      Plaintiff proceeds without counsel in this action brought under 42 U.S.C. § 1983.  The court dismissed the case for failure to prosecute after plaintiff was given multiple opportunities to oppose defendants' motion for summary judgment but failed to do so.  ECF No. 41.  He asks the court to reconsider the ruling.  ECF No. 43.

      A motion seeking relief from a judgment is governed by either Federal Rule of Civil Procedure 59(e) or 60(b), depending on when the motion is filed.  *Cent. Produce El Jibarito v. Luna Commer. Corp.*, 880 F. Supp. 2d 282, 285 (D.P.R. 2012).  If the motion is filed within 28 days of entry of judgment, Rule 59(e) governs; otherwise, Rule 60(b) governs.  *Id.*; *see also United States v. Comprehensive Drug Testing, Inc.*, 473 F.3d 915, 956 (9th Cir. 2006) (noting that Rule 59(e) controls if the motion is brought within the time limit provided by Rule 59 (which, since 2009, has been 28 days)).  Plaintiff's motion was not brought within 28 days of entry of judgment here; accordingly Rule 60(b) controls.

1

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Plaintiff has not presented a reason justifying reconsideration.

Accordingly, it is hereby ORDERED that plaintiff's March 10, 2025 Motion for Reconsideration (ECF No. 43) is DENIED, and this case shall remain closed.

IT IS SO ORDERED.

Dated:   **December 16, 2025**

Dena Coggins
United States District Judge

2